802 F.2d 1069
 TOWBOAT PARTNERS, LTD.; Gladders Barge Line, Inc.;
Frontier Boats, Inc.; Donelan Phelps & Co.
Joseph E. Heintz; Maryle J. Heintz; N. John Schaedler;
Raymond T. Olsen; John A. Wander; Robert Ball; Wayne I.
Chertow; Anthony M. Mandolini; William B. Mitchell;
Dennis P. Van Miechem; Thomas E. Vincus; George Drakey;
John E. Easton; Paul K. Richey; The A. John Robertson,
Jr., revocable trust; Ronald L. Varley; Peter Edler; S.F.
Associates; Neil Glenn; Thomas Holton; Len How
Associates; Robert G. McGregor; Dudley C. Mecum, II;
Donald R. Sloan; Galaxy Partners; William Simon, Appellees,
G.W. Gladders Towing Co., Inc.; G-F Investment Corporation,
v.
Patrick DONELAN; Thomas Phelps; Donelan Phelps & Co., Appellants.
 No. 86-1381.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 8, 1986.
Decided Oct. 8, 1986.
 
 Edwin D. Akers, Jr., St. Louis, Mo., for appellants.
 James V. O'Brien, St. Louis, Mo., for appellees.
 Before ARNOLD, JOHN R. GIBSON and FAGG, Circuit Judges.
 OPINION
 FAGG, Circuit Judge.
 
 
 1
 Donelan Phelps & Co. and Donelan's two individual partners (Donelan) appeal from a judgment requiring them as general partners to indemnify the limited partners of Towboat Partners, Ltd. (Towboat) for losses incurred by the limited partners due to default on a partnership mortgage loan. We affirm.
 
 
 2
 The Towboat limited partnership agreement specifically requires the general partners to make sufficient cash contributions to fund fully the minimum cash flow requirements of the partnership. The agreement further provides when a default on the mortgage loan occurs due to failure of the general partners to make the necessary capital contributions, the general partners shall indemnify the partnership and each limited partner for losses incurred as a result of the default. It is undisputed the general partners did not make the necessary capital contributions. Because of this shortfall, the mortgagor foreclosed on the vessel which secured the loan and was the primary partnership asset. Towboat's business collapsed, resulting in substantial losses.
 
 
 3
 In opposition to the claim for indemnity, Donelan argues that because the limited partners essentially undertook control of the partnership business, Donelan is relieved of liability for contributions as a general partner under the agreement. The district court rejected this defense. We reject it also. The district court's findings that no general partner was constructively removed or prevented from complying with general partnership obligations are not clearly erroneous.
 
 
 4
 Donelan also argues the limited partners cannot enforce the indemnification provisions because the role they took in a proposed refinancing was greater than that of limited partners. The district court found, however, that none of the limited partners exercised either day-to-day control over operations of the business or any other type of control which would result in a change to general partnership status. These findings are not clearly erroneous. Their participation in the refinancing reflected only a legitimate concern for the wise expenditure of additional funds being sought from the limited partners.
 
 
 5
 With regard to Donelan's proof that the limited partners assumed control of the partnership's business, we find no abuse of discretion in the district court's rulings excluding as irrelevant evidence of the activities of some of the limited partners in formation of the partnership and the reasons for which one limited partner resigned his employment.
 
 
 6
 In support of its argument that the limited partners are not entitled to indemnification under the partnership agreement where they participate in control of the business, Donelan cites Mo.Rev.Stat. Sec. 359.070. The statute, which is identical to section 7 of the Uniform Limited Partnership Act entitled "Limited partner not liable to creditors," provides that "[a] limited partner shall not become liable as a general partner unless, in addition to the exercise of his rights and powers as a limited partner, he takes part in the control of the business." Mo.Rev.Stat. Sec. 359.070. Donelan argues partners who "take part in the control of the business" forfeit their status as limited partners and with it the corresponding remedies available to limited partners under the agreement, even in actions solely between partners.
 
 
 7
 Contrary to Donelan's position, we are skeptical that a general partner may invoke the statute against its own limited partners. See, e.g., Weil v. Diversified Properties, 319 F.Supp. 778, 781 (D.D.C.1970). No Missouri decision has apparently yet addressed the question. Because the district court found no limited partner took part in the control of the partnership, the present case does not require us to determine conclusively the reach of the statute. No interpretation of the availability to general partners of section 359.070 could result in a construction of the statute which would overcome this finding of fact. Thus, under the circumstances of this case the statute does not negate the right of the limited partners to be indemnified.
 
 
 8
 Accordingly, the district court judgment in favor of the limited partners is affirmed.